IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BERNICE AMOAKOHENE**                                                                 **PLAINTIFF**

v.                                              No. 4:11-cv-628-DPM

**WALGREEN COMPANY**                                                                **DEFENDANT**

## ORDER

The Walgreen Company's motion to compel, *Document No. 17*, is granted in part and denied in part.

**1. Interrogatories.** Amoakohene must answer interrogatories numbers 12 and 14. These questions are relevant to Amoakohene's damages and efforts to mitigate damages. Number 15 is a close call, but the Court concludes she must answer about applications from 2007 forward. Irrelevant material can be excluded before trial. Amoakohene must respond completely to number 16 if she has not done so.

Amoakohene's objection to the breadth of some medical questions is well taken. She must answer interrogatory number 17 as modified: she must

identify each physician or healthcare provider she consulted or who treated her after January 2008 for any emotional, psychological, or psychiatric issue.

**2. Requests for Production.** Walgreens is entitled to Amoakohene's tax returns and W-2s from 2007 to present for some context on lost income. The request for Amoakohene's pay stubs and current wage information, number 8, is proper. Requests numbers 14, 15, and 19 are proper too. Amoakohene must comply with all. She must comply with request number 17 as modified: she must release medical records dating back to January 2008 from any doctor who treated her during that period for emotional, psychological, or psychiatric issues. She must permit the IRS to release her 2007–2011 tax returns. And she must sign the Employment Security Department release for records dating to 2007.

**3. Other Matters.** Walgreens requested continuing discovery responses. Amoakohene must, of course, supplement her responses as new information becomes available to her. FED. R. CIV. P. 26(e)(1). The parties should propose an agreed protective order to the Court as soon as possible. Amoakohene should begin gathering all the responsive information now, and produce it within ten calendar days after the Court enters the protective order.

**4. Fees.** Walgreens has requested attorney's fees and costs. But the company has only partly prevailed. The Federal Rules give this Court discretion to apportion expenses related to the motion. FED. R. CIV. P. 37(a)(5)(C). In the circumstances the Court declines to do so.

**5. Future Discovery Disputes.** The Court directs the parties' attention to the third bullet point under section 1 of the Court's Final Scheduling Order, *Document No. 16, at 3*. Please follow this protocol in future non-emergency discovery disputes.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 June 2012