IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BERNICE AMOAKOHENE                                              PLAINTIFF

v.                           No. 4:11-cv-628-DPM

WALGREEN COMPANY                                                DEFENDANT

PROTECTIVE ORDER

The parties have proposed an agreed protective order, which the Court adopts with minor changes. The parties should note and fulfill their redaction-first obligation in revised paragraph 6.

The parties, through their respective counsel, must protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) that may be discovered or offered into evidence at trial. The parties shall preserve the confidentiality of the information and documents under the terms of this Order.

1.   Material requested by any of the parties, which they deem confidential, may be disclosed only to the following individuals, each of

whom must read this Protective Order and agree to abide by its terms before being given any of the information:

    a.    Counsel for Plaintiff and counsel for the Defendant who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

    b.    The parties to the litigation and their experts; and

    c.    Any other individuals included by order of the Court.

Documents produced by the parties to which this Order is applicable shall be stamped "CONFIDENTIAL."

    **2.**  Inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential will not waive the right to so designate that document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Order.

    **3.**  A party may designate as "CONFIDENTIAL" portions of any deposition transcript where materials designated as "CONFIDENTIAL"

are identified, discussed, or disclosed. Those designated portions will be subject to the terms of this Order. The designation must be made on the record during the deposition or by letter sent by facsimile to opposing counsel within ten business days after receipt of the transcript. The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and, therefore, subject to this Order until 5:00 p.m. Central Time on the tenth business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the tenth business day after receipt of the transcript are excluded from the protections of this Order.

4. A lawyer who wishes to challenge any "CONFIDENTIAL" designation made by the producing party must first confer in good faith with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion must specifically describe the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as "CONFIDENTIAL." The party seeking to

maintain materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is proper. Materials designated as "CONFIDENTIAL" will continue to be treated as confidential and subject to the provisions of this Order pending this Court's determination of the merits of any challenge.

5. Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

6. If possible, confidential information in any material covered by this Order shall be redacted before filing or submission to the Court. FED. R. CIV. P. 5.2. If redaction is impractical, then any material submitted to or filed with the Court which contains information covered by this Order shall be filed under seal, in a sealed envelope that indicates that the enclosed material is confidential and available only to the presiding judge and the judge's staff unless and until the Court orders otherwise. The parties may agree later to exclude any information or documents from coverage under this Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from

coverage under this Order.  Nothing in this Order restricts a producing party's use of its own confidential information or documents.

 7. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

 8. The information and documentation covered under this Order shall be used only for purposes of this litigation.  No individual may disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Order.  No individual may use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

 9. In the event of a disclosure in violation of this Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure.  In the event either party is subpoenaed or otherwise required by legal process to disclose the information, the party that receives the request shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

10. Within three years of the conclusion of all aspects of the litigation of this case, confidential documents and all copies in print (other than exhibits of record), on computer disc or in any type of electronic format shall be destroyed or returned to the party that produced the documents.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

*16 July 2012*